*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LYNN DEMETRIUS CAMERON,

        Defendant-Appellant.

UNPUBLISHED
April 9, 2020

No. 345736
Macomb Circuit Court
LC No. 2017-002277-FH

Before: TUKEL, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession with intent to deliver less than 50 grams of a controlled substance, MCL 333.7401(2)(a)(*iv*), resisting or obstructing a police officer causing injury, MCL 750.81d(2), and resisting or obstructing a police officer, MCL 750.81d(1). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 7 to 25 years' imprisonment for the possession with intent to deliver conviction, and 4 to 15 years' imprisonment each for the two resisting or obstructing a police officer convictions. Defendant argues that the jury was not given proper instructions, that the trial court admitted inadmissible drug profile testimony, the trial court imposed an unconstitutional tax on him, and that his trial counsel, Gerald Ferry, was ineffective for giving him improper advice to not testify on his own behalf. We affirm.

## I. UNDERLYING FACTS

This appeal arises out of a traffic stop in Warren, Michigan. On May 19, 2017, defendant was observed by two officers driving his vehicle 60 miles per hour in a 40 mile per hour zone. The officers pulled defendant over and, after obtaining his driver's license and registration, learned that he had an active warrant from Detroit for failing to appear for a misdemeanor offense. Defendant exited his vehicle after several verbal commands from the officers, but was able to flee from the officers' grasp after the officers attempted to place him under arrest. Defendant tripped in a traffic lane on Eight Mile Road and the officers were able to restrain him. Defendant was combative and noncooperative, resisting the officers' attempts to get his hands behind his back so they could put handcuffs on him. After an off-duty Detroit police officer stopped to render

assistance to the officers, they were able to get the handcuffs on defendant and move him off the roadway. Upon searching defendant, the officers discovered a plastic bag holding 24 smaller plastic bags—referred to as zip seals—containing crack cocaine in defendant's pocket.[1]

## II. JURY INSTRUCTIONS

Defendant argues that the trial court's instructions to the jury regarding the resisting or obstructing a police officer charges were improper. We disagree.

Waiver occurs when a defendant "affirmatively approve[s]" of an issue before the trial court, only to later argue on appeal that there was error. *People v Jackson*, 313 Mich App 409, 420; 884 NW2d 297 (2015). "Because error requiring reversal cannot be error to which the aggrieved party contributed by plan or negligence," a defendant's approval of a trial court decision waives the right to appeal. *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003), disapproved in part on other grounds 469 Mich 967 (2003) (citation and quotation marks omitted). When waiver occurs, the error is extinguished, which "precludes defendant from raising the issue on appeal." *People v Carter*, 462 Mich 206, 209, 215; 612 NW2d 144 (2000).

Here, after giving the jury instructions, the trial court asked the attorneys if they were "satisfied" with the instructions; both attorneys, including defendant's trial counsel, said that they were. Because defendant's attorney "affirmatively approved" the instructions given, defendant has waived any error, and may not raise the issue on appeal.

Defendant argues in the alternative that Ferry was ineffective for failing to request an additional jury instruction that the prosecution was required to prove that the actions of Officers Konwinski and Price in arresting defendant were lawful. To preserve the issue of whether counsel rendered ineffective assistance, the defendant must move for a new trial or evidentiary hearing in the trial court. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). Defendant sought a remand from this Court for the purpose of conducting an evidentiary hearing, which was denied.[2] Thus, defendant preserved this issue. See *id.* Nevertheless, regardless of whether a claim of ineffective assistance is properly preserved, if the trial court did not hold a *Ginther*[3] hearing, "our review is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). "A claim of ineffective assistance of counsel is a mixed question of law and fact. A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Petri*, 279 Mich App at 410.

---

[1] Only one of the 24 bags was weighed and that bag contained 0.1195 grams of cocaine.

[2] *People v Cameron*, unpublished order of the Court of Appeals, entered July 24, 2019 (Docket No. 345736).

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). No *Ginther* hearing was held in this case.

Defendant was convicted under MCL 750.81d(1) and MCL 750.81d(2), both of which relate to resisting or obstructing a police officer. To convict a defendant under MCL 750.81d(1), the prosecutor must prove that:

> (1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties . . . and [(3)] that that the officers' actions were lawful. [*People v Quinn*, 305 Mich App 484, 490-492; 853 NW2d 383 (2014) (quotation marks and citation omitted).]

To convict a defendant under MCL 750.81d(2), the prosecutor must prove, in addition to these three elements, that the defendant's actions "caus[ed] a bodily injury [to the police officer] requiring medical treatment." MCL 750.81d(2); see also *People v Moreno*, 491 Mich 38, 43; 814 NW2d 624 (2012) (referring to the offense as "assaulting, resisting, or obstructing a police officer causing injury").

The trial court instructed the jury that "[t]he prosecutor must prove each element of the crime beyond a reasonable doubt." For each officer and for each instruction as to a lesser-included offense,[4] the trial court instructed the jury that it must find beyond a reasonable doubt that the officer "gave the defendant a lawful command, was making a lawful arrest or was otherwise performing a lawful act." The trial court also gave the following instruction regarding the lawfulness of the officers' actions:

> Where officers have probable cause to believe a motorist committed a traffic offense in their presence, then they may make a traffic stop. Police may arrest a person if they have knowledge of a warrant for that person's arrest. The police may arrest a person if they are acting in good faith and in objectively reasonable reliance on information that a person had a warrant for his arrest.

The trial court gave the general instruction that the officers' actions had to be lawful. The trial judge additionally instructed the jury that the prosecution must prove each element of the offenses beyond a reasonable doubt; one of the elements the trial judge read to the jury was that the prosecution had to prove that the officers "gave the defendant a lawful command, [were] making a lawful arrest or [were] otherwise performing a lawful act." In addition, the trial court gave specific instructions regarding the facts and circumstances of the case—namely, that defendant was observed to be speeding, the officers initiated a traffic stop, and when defendant's information was entered into the Law Enforcement Information Network (LEIN) the officers learned that there was a warrant for his arrest. Thus, the jury was properly instructed regarding MCL 750.81d(1) and (2). Consequently, Ferry was not ineffective for failing to object to the instructions, because they fully and fairly defined the crimes charged, and any objection would

---

[4] For both charges of resisting or obstructing an officer causing injury, MCL 750.81d(2), the jury was instructed to consider the lesser offense of resisting or obstructing an officer, MCL 750.81d(1).

have lacked merit. See *People v Chambers*, 277 Mich App 1, 11; 742 NW2d 610 (2007) ("Counsel is not ineffective for failing to make a futile objection.").

## III. DRUG PROFILE TESTIMONY

Defendant argues that the trial court improperly allowed "drug profile" testimony as substantive evidence of defendant's guilt for the charge of possession with intent to distribute a controlled substance. We disagree.

To preserve an issue regarding a trial court's evidentiary ruling, a defendant must raise that particular issue in the trial court and raise the same basis for objection on appeal. *People v Gaines*, 306 Mich App 289, 306; 856 NW2d 222 (2014). Defendant failed to object to the testimony which he argues was drug profile testimony; thus, this issue is unpreserved. See *id*. Consequently, this issue is reviewed for plain error. See *Cain*, 498 Mich at 116.

"Drug profile evidence has been described as an informal compilation of characteristics often displayed by those trafficking in drugs." *People v Murray*, 234 Mich App 46, 52; 593 NW2d 690 (1999) (citation and quotation marks omitted). A drug profile "is simply an investigative technique" and "is nothing more than a listing of characteristics that in the opinion of law enforcement officers are typical of a person engaged in a specific illegal activity." *Id*. (citation and quotation marks omitted). Stated differently, "[d]rug profile evidence is essentially a compilation of otherwise innocuous characteristics that many drug dealers exhibit, such as the use of pagers, the carrying of large amounts of cash, and the possession of razor blades and lighters in order to package crack cocaine for sale." *Id*. at 52-53. Drug profile evidence "is inherently prejudicial" because it "may suggest that innocuous events indicate criminal activity." *Id*. at 53 (citation and quotation marks omitted). "Generally, the admission of this evidence is nothing more than the introduction of the investigative techniques of law enforcement officers. Every defendant has a right to be tried based on the evidence against him or her, not on the techniques utilized by law enforcement officers in investigating criminal activity." *People v Hubbard*, 209 Mich App 234, 240; 530 NW2d 130 (1995). "In other words, these characteristics may not necessarily be connected to or inherently part of the drug trade, so that these characteristics could apply equally to innocent individuals as well as to drug dealers." *Murray*, 234 Mich App at 52. Because of its limited relevance, drug profile evidence is not admissible as substantive evidence, but may be admissible for limited purposes such as to explain why a defendant was stopped or to rebut exculpatory testimony by a defendant. *Hubbard*, 209 Mich App at 242.

Here, the complained of testimony was not drug profile testimony. It did not address generally innocuous characteristics such as whether defendant possessed a pager, cash, razor blades, or crack cocaine. Rather, the complained of testimony related to already-established criminal activity on defendant's part, and was offered to illustrate the full implications of that activity, by explaining to the jury that the amount of cocaine defendant possessed and how it was packaged was indicative of his possession for distribution instead of for personal use. Such testimony is not drug profile evidence and, therefore, is not subject to the rules for admitting drug profile evidence. See, e.g., *People v Morrison*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 344531); slip op at 3 (holding that "a defendant's intent to deliver drugs may be inferred from the quantity of drugs in his possession and the way the drugs are packaged"). Consequently, such testimony is undoubtedly admissible.

-4-

Similarly, the testimony of Officers Konwinski and Price that defendant did not have cracked lips, burnt fingers, or items for drug use in his vehicle also was not drug profile testimony. While perhaps a closer call, this testimony was not offered as evidence that defendant "fit the profile" of a drug dealer. Rather, the testimony that defendant did not have cracked lips, burnt fingers, or items for drug use in his vehicle was offered to support the conclusions of Officers Konwinski and Price that defendant intended to distribute the cocaine he possessed rather than that he possessed it for personal use. Furthermore, evidence that defendant did not have cracked lips, burnt fingers, or items for drug use in his vehicle did not alert Officers Konwinski and Price that defendant might have cocaine on his person, be a drug dealer, or use drugs. Instead, Officers Konwinski and Price were alerted to the fact that defendant might have been a drug dealer or a drug user based on the fact that they found him in possession of cocaine when he was arrested. Thus, evidence that defendant did not have cracked lips, burnt fingers, or items for drug use in his vehicle was not used as an investigative technique. As such, this testimony was not drug profile testimony and defendant's argument that he was prejudiced by impermissible drug profile testimony from Officers Konwinski and Price must fail.

Defendant additionally argues that Ferry was ineffective as his trial counsel for failing to object to "drug profile testimony" from Officers Konwinski and Price. But because the testimony of Officers Konwinski and Price was not drug profile testimony, any such objection would have been without merit, meaning Ferry was not ineffective as defendant's trial counsel. See *Chambers*, 277 Mich App at 11 ("Counsel is not ineffective for failing to make a futile objection.").

Finally, defendant has failed to make any argument that the testimony of Officers Konwinski and Price was inadmissible for any other reason. Consequently, any such argument is abandoned. See *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims . . . .") (citation and quotation marks omitted).

## IV. COURT COSTS

Defendant next claims that the court costs that the trial court imposed under MCL 769.1k amounted to an unconstitutional tax. We disagree.

We begin by noting that defendant failed to preserve this argument because he did not challenge the constitutionality of the court costs in the trial court. *People v Cameron*, 319 Mich App 215, 220 n 1; 900 NW2d 658 (2017).[5] As a result, we review defendant's challenge to the court costs for plain error. *Carines*, 460 Mich at 763.

In *Cameron*, 319 Mich App at 229-235, this Court concluded that court costs imposed under MCL 769.1k were a constitutional tax because the statute complies with our Constitution's Distinct Statement Clause, Const 1963, art 4, § 32, and did not violate our Constitution's separation of powers provision, Const 1963, art 3, § 2. At the time defendant filed his brief in this case our Supreme Court was deciding whether to grant leave to appeal; it subsequently denied leave on July

_____

[5] Although our 2017 opinion on this issue also is styled *People v Cameron*, it involves a different defendant. Our Supreme Court denied leave in that case in 2019, as noted in the text.

10, 2019, *People v Cameron*, 504 Mich 927 (2019). Thus, our opinion in *Cameron* remains binding precedent that must be followed under the doctrine of stare decisis. MCR 7.215(c)(2) and (J)(1). We therefore reject defendant's challenge to the court costs the trial court imposed.

## V. DEFENDANT'S DECISION TO NOT TESTIFY

In his final issue on appeal, defendant argues that Ferry rendered ineffective assistance when Ferry advised defendant, on the record, that if defendant testified, the prosecutor could seek to impeach defendant's testimony with evidence of defendant's prior convictions of possession with intent to deliver controlled substances and domestic assault. We find no error in Ferry's advice.

Regardless of whether a claim of ineffective assistance is properly preserved, if the trial court did not hold a *Ginther*[6] hearing, "our review is limited to the facts on the record." *Wilson*, 242 Mich App at 352. "Whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "A finding is clearly erroneous if it leaves this Court with a definite and firm conviction that the trial court made a mistake." *People v Dillon*, 296 Mich App 506, 508; 822 NW2d 611 (2012). Additionally, "[a] trial court's factual findings are reviewed for clear error." *People v Cress*, 468 Mich 678, 691; 664 NW2d 174 (2003).

A "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel. . ." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

> Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. [*People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citations omitted).]

The "reasonable probability" standard can be satisfied by less than a preponderance of the evidence. *Trakhtenberg*, 493 Mich at 56.

The "reviewing court must not evaluate counsel's decisions with the benefit of hindsight," but should "ensure that counsel's actions provided the defendant with the modicum of representation" constitutionally required. *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004), citing *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Defense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *Unger*, 278 Mich app at 242. Thus, there is a

---

[6] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). No *Ginther* hearing was held in this case.

-6-

"strong presumption that trial counsel's performance was strategic," and "[w]e will not substitute our judgment for that of counsel on matters of trial strategy[.]" *Id*. at 242-243.

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. [*Strickland*, 466 US at 689 (citation omitted).]

"Yet a court cannot insulate the review of counsel's performance by calling it trial strategy." *Trakhtenberg*, 493 Mich at 52. "The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). Accordingly, the reviewing court must consider the range of potential reasons that counsel might have had for acting as he or she did. *Id*.

Under MRE 609(a), evidence of a prior conviction is only admissible "[f]or the purpose of attacking the credibility of a witness" if the crime contained an element of dishonesty, false statement, or theft. Under MRE 404(b)(1), however, a prior conviction is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material."

Ferry advised defendant that "during cross-examination it's not a guarantee, but should the opportunity come up the [prosecutor] could use [the] prior convictions in order to impeach your testimony." Defendant's argument on appeal is correct that the prosecutor could not have used his prior conviction of possession with intent to distribute to impeach his testimony under MRE 609 because the conviction did not involve an element of dishonesty or theft. But if defendant testified that he had never sold drugs or was never violent, the prosecutor may have been able to use his prior convictions to impeach him. See *People v Wilder*, 502 Mich 57, 64; 917 NW2d 276 (2018) ("Impeachment [under MRE 404] usually occurs when a prosecutor seeks to cross-examine a defendant about prior convictions in order to impeach a defendant's blanket denial on direct examination of ever engaging in conduct similar to the charged conduct."); *People v Taylor*, 422 Mich 407, 414; 373 NW2d 579 (1985) ("[E]vidence of prior criminal offenses which qualify as similar-acts evidence under MRE 404(b) may be admissible if offered for the purposes permitted by that rule."). Moreover, Ferry made clear that he could not "guarantee" whether or not impeachment would be permitted. Thus, there was nothing objectively unreasonable about the advice that defendant received from Ferry regarding his decision whether to testify; if defendant had chosen to testify, there was a chance the prosecutor could have impeached his testimony with evidence of defendant's prior convictions of possession with intent to deliver and domestic assault.

Ferry's statement was an accurate statement of the law and, therefore, was not objectively unreasonable. Thus, Ferry was not ineffective as defendant's trial counsel.

## VI.  CONCLUSION

We affirm.

/s/ Jonathan Tukel
/s/ Jane E. Markey
/s/ Brock A. Swartzle